UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GARRETT M. McCOY,<br><br>    Plaintiff,<br><br>v.<br><br>DR. ELIASON,<br><br>    Defendant. | Case No. 1:17-cv-00421-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Dr. Eliason's Motion for Summary Judgment (Dkt. 33), Dr. Eliason's Motion to Strike (Dkt. 41), and Plaintiff Garrett McCoy's Motion to Amend (Dkt. 43). Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii). For the reasons set forth below, the Court finds good cause to GRANT Dr. Eliason's Motion for Summary Judgment and Motion to Strike, and to DENY McCoy's Motion to Amend.

## II. BACKGROUND

Plaintiff Garrett McCoy was previously incarcerated at the Ada County Jail. On October 10, 2017, McCoy filed the instant *pro se* Complaint alleging various violations

of 42 U.S.C. § 1983. Dkt. 3. In his Complaint, McCoy alleges that while incarcerated in Ada County, Defendant Dr. Eliason violated his Eighth Amendment rights through deliberate indifference to his serious medical needs. Specifically, McCoy alleges that Dr. Eliason failed to prescribe him mental health medications after several brief evaluations. McCoy claims that he faced an imminent danger of causing physical harm to himself without the medications.

On February 3, 2017, United States District Court Judge Lodge issued an Initial Review Order (1) permitting McCoy to proceed on his Eighth Amendment deliberate indifference claims and (2) terminating Ada County Health Services as a party to the case. Dkt. 14. Dr. Eliason moved for summary judgement on December 11, 2018. Dkt. 33.

Instead of responding to Dr. Eliason's Motion for Summary Judgment, McCoy filed an Amended Complaint on February 13, 2019. Dkt. 39. On February 27, 2019, Dr. Eliason moved to Strike the Amended Complaint (Dkt. 41) for various reasons—including that McCoy had not sought the Court's permission to amend. In response, McCoy filed a document entitled "Permission to Amended Complaint/Dispute Facts/Cross Move for Summary Judgment Granted for the Plaintiff" on March 18, 2019. (sic) Dkt. 43. The Court will address each motion in turn.

### III. LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). The Court's role at summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Zetwick v. Cty. of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017) (citation omitted). In considering a motion for summary judgment, the Court must "view[] the facts in the non-moving party's favor." *Id.* To defeat a motion for summary judgment, the respondent need only present evidence upon which "a reasonable juror drawing all inferences in favor of the respondent could return a verdict in [his or her] favor." *Id.* (citation omitted). Accordingly, the Court must enter summary judgment if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The respondent cannot simply rely on an unsworn affidavit or the pleadings to defeat a motion for summary judgment; rather the respondent must set forth the "specific facts," supported by evidence, with "reasonable particularity" that precludes summary judgment. *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001).

### IV. DISCUSSION

Before addressing the motion for summary judgement, the Court must discuss Dr. Eliason's pending Motion to Strike and McCoy's Motion for Permission to Amend.

A. Motion to Strike and Permission to Amend

After Dr. Eliason filed his motion for summary judgement on December 11, 2018, McCoy filed an Amended Complaint on February 13, 2019. Dkt. 39. Dr. Eliason filed a

Motion to Strike the Amended Complaint on February 27, 2019. Dkt. 41. For the reasons stated below, the Court GRANTS the motion to strike.

Federal Rule of Civil Procedure 15(a) provides that, once a responsive pleading has been served, a party may amend its pleading "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, when—as in this case—a party files a motion to amend after the Court's case management deadline to amend has passed, district courts in the Ninth Circuit apply Federal Rule of Civil Procedure 16(b), followed by a Rule15(a) analysis. *See Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607-08 (9th Cir. 1992). Under Rule 16(b), the movant must demonstrate good cause to amend. *Id.* at 609.

In the present case, all motions to amend or to join parties were due no later than August 22, 2018. *See* Dkt. 31 (original scheduling order). However, McCoy did not file his Motion to Amend until February 27, 2019—over six months after the applicable deadline. Accordingly, McCoy's request for amendment is governed not by the liberal provisions of Federal Rule of Civil Procedure 15(a), but instead by the more restrictive provisions of Rule 16(b).

Here, McCoy has not demonstrated good cause to amend. First, McCoy did not seek the Court's permission to amend his Complaint as required. McCoy's recent filing which appears to seek permission to file an amended complaint (amongst other requested relief) offers little support for his argument. McCoy simply reiterates the facts of his Complaint—that Dr. Eliason was deliberately indifferent to his medical needs and that as

a result, he has become suicidal—but provides no justification (or good cause) for seeking to amend his Complaint at this late stage.

Second, discovery has long since closed in this case, and the dispositive motion deadline has passed. Allowing McCoy to amend his Complaint at this stage would reopen portions of discovery—something this Court is not willing to do. Accordingly, Dr. Eliason's Motion to Strike (Dkt. 41) is GRANTED and McCoy's Motion to Amend (Dkt. 43) is DENIED.

B. Motion for Summary Judgement

In this case, the Court never reaches the merits of Dr. Eliason's arguments in favor of summary judgment, as procedural grounds exists for granting his Motion.

Dr. Eliason filed his Motion for Summary Judgement on December 11, 2018. On January 23, 2018, the Clerk of the Court sent McCoy its standard Notice to *pro se* litigants outlining what the Court required him to do.[1] The Notice explained what a motion for summary judgment is, and how and when McCoy needed to respond to the motion. The Notice also included the following warning:

> **You are warned** that if you do not file your response opposing the motion within 21 days (or such other time period set by the Court), the Court will consider the facts provided by the moving party as undisputed and **may grant the motion** based on the record before it, or it **may dismiss your entire case for failure to prosecute** (abandonment of your case). *See* Local Rule 7.1(e)(2); Fed. R. Civ. P. 41(b).

---

[1] In *Klingele v. Eikenberry,* 849 F.2d 409 (9th Cir. 1988), the Ninth Circuit held that prisoners (and others) must receive fair notice of the requirements of Rule 56. In this Court—as in courts across the nation—this notice is a standard form sent to all *pro se* litigants (including prisoners) explaining Rule 56 and what they must do when a motion under Rule 56 has been filed.

Dkt. 35, at 2 (emphasis in original). To date, McCoy has not filed anything with the Court in response to the motion for summary judgment. McCoy could have requested more time to respond as he had previously done (Dkt. 36), however, he failed to do so, and his time to respond has passed. What's more, McCoy's Amended Complaint does not operate as a valid response, and, even if it did, the Court has reviewed it,[2] and it does not raise any new disputed material facts or set forth arguments opposing summary judgement in favor of Dr. Eliason.

>Idaho District Local Rule 7.1 outlines that:
>
>In motions brought under Federal Rule of Civil Procedure 56, if the non-moving party fails to timely file any response documents required to be filed, such failure shall not be deemed a consent to the granting of said motion by the Court. However, if a party *fails to properly support an assertion of fact or fails to properly address another party's assertion of fact* as required by Federal Rule of Civil Procedure 56(c) or Local Rule 7.1(b)(1) or (c)(2), the Court nonetheless *may consider the uncontested material facts as undisputed for purposes of consideration of the motion, and the Court may grant summary judgment* if the motion and supporting materials - including the facts considered undisputed - show that the moving party is entitled to the granting of the motion.

---

[2] McCoy's recent filing (Dkt. 43) appears to act as a motion to not only file an amended complaint, but to use that amended complaint as a response to Dr. Eliason's Motion for Summary Judgment. The Court has already determined that this document does not provide adequate good cause to justify the lately filed Amended Complaint. This aside, as the Court noted, it has reviewed McCoy's Amended Complaint *as if it were a response* to Dr. Eliason's Motion for Summary Judgment and finds no disputed facts. It is simply McCoy's recitation of what happened and his subjective belief that Dr. Eliason was indifferent to his needs. As this Court has noted, however, a person's subjective belief is not enough to support an Eighth Amendment Claim. *See Orr v. Valdez*, No. 1:10-CV-00034-EJL, 2012 WL 761728, at *10 (D. Idaho Mar. 8, 2012). Because no reasonable finder of fact could conclude from the record before the Court that Dr. Eliason was deliberately indifferent to McCoy's needs, his Amended Complaint (even construed as a response) does not save his claims from summary judgment.

Idaho Dist. Loc. R. 7.1(e)(2) (emphasis added). Accordingly, pursuant to this Court's Notice to McCoy, as well as Local Rule 7.1, his failure to timely respond to Dr. Eliason's Motion for Summary Judgment is deemed acquiescence to the facts alleged in the motions, and the Court must grant judgment in Dr. Eliason's favor.

## V. ORDER

1. Defendant Dr. Eliason's Motion to Strike (Dkt. 41) is GRANTED. The Court will STRIKE McCoy's Amended Complaint (Dkt. 39).

2. Plaintiff Garrett McCoy's Motion for Permission to Amend (Dkt. 43) is DENIED.

3. Defendant Dr. Eliason's Motion for Summary Judgment (Dkt. 33) is GRANTED.

4. The Court will enter a separate Judgment in accordance with Fed. R. Civ. P. 58.

DATED: April 22, 2019

David C. Nye
U.S. District Court Judge